**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Crim. No. 1:19-cr-00178-JAW** |
| | ) | |
| **MICHAEL C. O'BRIEN** | ) | |

**GOVERNMENT'S RESTITUTION MEMORANDUM**

NOW COMES the United States, by and through its attorneys, Halsey B. Frank, United States Attorney for the District of Maine, and Chris Ruge, Assistant United States Attorney, and submits this memorandum to assist the Court in its determination of appropriate restitution.

**I.      Relevant Background**

At the presentence conference, the parties referenced a possible agreed upon resolution to restitution in this matter.  Counsel for the government submits this memorandum to impart the government's understanding of the status of agreement between the defendant and the claimant victims, and the position of the government regarding the restitution claims made in this case.

**II.      Discussion**

**a.  Restitution should be paid to the victims who have made claims.**

Restitution is mandatory.  18 U.S.C. § 2259.  The claimants in this case have each submitted proper claims compliant with the statute and with United States v. Paroline, 572 U.S. 464, 134 S.Ct 1710 (2015).  As the Court observed in Paroline, the victims' costs of treatment and lost income resulting from the trauma of knowing men like the Mr. O'Brien find gratification viewing the images and videos of their sexual abuse are, in fact, direct and foreseeable consequences of the defendant's offenses.  134 S.Ct. 1710, 1722.  The government

respectfully submits that the victims who have thus far submitted full restitution claims have complied with § 2259 and Paroline.

In Paroline, the Court did not require that a formula exactly account for the harm caused by one particular defendant toward a claiming victim.  Indeed, the Court specifically rejected this notion, and required that the sum paid for the additional harm caused by the defendant be neither a token nor a nominal amount.  134 S.Ct. at 1727.  Rather, the ordered restitution should reflect the defendant's role in the victims harm, and also be large enough to "impress[] upon offenders the fact that child pornography crimes, even simple possession, affect real victims.  Id.

Because the offense conduct in this case predates the Amy Vicky and Andy Act, the version of 18 U.S.C. § 2259 in effect before December 7, 2018, controls.  Nonetheless, the Court can consider that Congress has determined $3,000 to be the floor for restitution orders in these cases.  The government respectfully submits that $3,000 represents low-end of non-nominal awards under Paroline.   Where O'Brien possessed dozens of images of an individual victim, the court might consider that fact in assessing relative harm and the amount of the judgment to that victim.

Undersigned counsel has communicated with representatives for each of the claimant victims identified in this case.  Each of those representatives have confirmed that the amounts collected are significantly below demonstrated damages.  In addition, counsel for the government has communicated the defendant's willingness to agree to an order $1,000 for Tara and $3,000 for each of the other victims.  With the exception of TightnsNGold, undersigned counsel can confirm that each have agreed to an order in this amount.  Counsel for the government is working to confirm with counsel for the victim n TightsNGold; based on past communication, agreement is anticipated.  Further, the government asserts that $3,000 is at the low end of non-

2

nominal awards but, due to the circumstances of this particular case and the agreement of the victims, the government supports the resolution proposed by the defendant.

    **1. Angela.**

    "Angela" has submitted a package supporting her $12,000 restitution claim as to Mr. O'Brien. This claim is appropriate and supported by Paroline and § 2259. Angela has submitted expert analysis of her losses, including expected lifetime losses calculated as over $500,000. District awards include:

| CASE | DOCKET | SENTENCE DATE | RESTITUTION |
|------|--------|---------------|-------------|
| United States v. Roscoe | 15-cr-00100-JDL | 2/5/2016 | $1,000 |
| United States v. Millette | 16-cr-00004-NT | 6/6/2016 | $3,000 |
| United States v. St. Jean | 14-cr-00145-NT | 9/22/2015 | $3,500 |
| United States v. Moczara | 15-cr-00163-GZS | 4/1/2016 | $1,000 |
| United States v. Parent | 15-cr-00166-JAW | 7/14/2016 | $2,000 |
| United States v. Blodgett | 16-cr-00059-P-S | 12/28/2016 | $3,000 |
| United States v. Kruse | 18-cr-00136-LEW | 7/23/2019 | $5,000 |
| United States v. Stewart | 19-cr-00009-JAW | 2/6/2020 | $3,000 |

    Nationwide, Angela has received over 300 post-Paroline federal restitution judgments ranging from $18.30 to $29,859.00. Of these, 51 have been for $3,000, and another 23 have been for $5,000. The defendant possessed seven images of Angela.

    **2. Jenny.**

    "Jenny" has requested restitution in the amount of no less than $3,000, and has provided documentation estimating losses at about $2,832,230. Department records of restitution orders for Jenny indicate no fewer than 80 awards in the post-Paroline/Pre Amy, Vicky and Andy Act era, with a high of $25,600 and a low of $100, and a mode of $3,000. She was recently awarded $3000 in this district in United States v. Stewart. The defendant had 247 images of Jenny.

**3. Lighthouse1.**

"Maureen" has estimated losses of over $440,000. She has submitted a claim for

$10,000. Department records of restitution orders have over 260 orders in the Lighthouse series,

with over 50 specific to claimant Maureen in the post-Paroline/Pre Amy, Vicky and Andy Act

era, with a high of $10,000 and a low of $250.[1] Of these, 14 were for $3,000. District awards

include the following:

| CASE | DOCKET | SENTENCE DATE | RESTITUTION |
|------|--------|---------------|-------------|
| United States v. Richard | 17-cr-00035-GZS | 04/18/18 | $2,500 |
| United States v. Stewart | 19-cr-00009-JAW | 2/6/2020 | $3,000 |

As the defendant had 3 files depicting Maureen, the government respectfully submits that

a restitution order of no less than $3,000 is appropriate in this case.

**4. At School.**

"Violet", the victim in At School series, has submitted a package supporting her $10,000

restitution claim as to Mr. O'Brien. This claim is appropriate and supported by Paroline and §

2259. Violet has submitted expert analysis of her losses, including documented losses calculated

at $794,118.35.

District awards include the following:

| CASE | DOCKET | SENTENCE DATE | RESTITUTION |
|------|--------|---------------|-------------|
| United States v. Millette | 16-cr-00004-NT | 6/6/2016 | $3,000 |
| United States v. Stewart | 19-cr-00009-JAW | 2/6/2020 | $3,000 |

---

[1] Counsel for the government reviewed available tables reported by individual district offices, and presumed cases with 2018 docket numbers to reflect pre AVAA conduct. Individual dockets were not checked, and of 13 restitution awards known to counsel in 2020, 6 were for $3,000, but an unknown number of those may reflect minimum awards under the AVAA. It should be noted that these tables are not a complete record of federal district court awards, and they wholly omit military and state court restitution orders. The statistics are submitted for the purpose of providing a representative sample, reflecting how other courts have applied the applicable law to similar claims.

Nationwide, At School has received no fewer than 140 post-Paroline/Pre Amy, Vicky and Andy Act restitution awards, with a high of $72,000, a low of $300, and a mode of $3,000. The defendant possessed 15 images of this victim.

**5. Vicky.**

"Lilly", the victim in Vicky series, has submitted a package supporting her $10,000 restitution claim as to Mr. O'Brien. This claim is appropriate and supported by Paroline and § 2259. Lilly has submitted expert analysis of her losses, including expected lifetime losses of no less than $4,517,390.913. As of the time of her claim, she still had over $3,000,000 in uncollected losses. In addition to six pre-Paroline restitution orders for $5,250 each, Lilly has been awarded the following restitution orders in this district:

| CASE | DOCKET | SENTENCE DATE | RESTITUTION |
|------|--------|---------------|-------------|
| United States v. St. Jean | 14-cr-00145-NT | 09/22/15 | $5,000 |
| United States v. Johnson | 13-cr-00131-JNT | 05/07/15 | $5,000 |
| United States v. Anderson | 15-cr-00053-NT | 12/02/15 | $5,000 |
| United States v.Pike | 15-cr-00030-GZS | 11/06/15 | $3,000 |
| United States v.Duffy | 16-cr-00025-GZS | 06/14/16 | $5,000 |
| United States v.Cates | 15-cr-00139-JAW | 04/25/17 | $7,500 |
| United States v. Mowry | 18-cr-00015-NT | 07/31/18 | $10,000 |
| United States v. Kruse | 18-cr-00136-LEW | 7/23/2019 | $6,000 |
| United States v. Stewart | 19-cr-00009-JAW | 2/6/2020 | $3,000 |

Nationwide, Lilly has received over 500 post-Paroline judgments, ranging from $24.24 to $177,673.00. She also received over 570 addition pre-Paroline restitution awards. About a third of the total number of orders are in the $3,000 to $5,000 range. The defendant possessed 82 images of Lilly.

**6. TightsnGold.**

"Emily" has submitted a package supporting her claim of no less than $3,000 in restitution from Mr. O'Brien. This claim is appropriate and supported by Paroline and § 2259.

5

Costs of her mental health treatment has been estimated at $545,500.  Emily has been awarded

the following restitution orders in this district:

| CASE | DOCKET | SENTENCE DATE | RESTITUTION |
|------|--------|---------------|-------------|
| United States v. Richard | 17-cr-00035-GZS | 04/18/2018 | $2,500 |
| United States v. Cook | 16-cr-00153-JAW | 4/18/2017 | $3,000 |
| United States v. Stewart | 19-cr-00009-JAW | 2/6/2020 | $3,000 |

Emily has received over 60 post-<u>Paroline</u> federal judgments nationwide, ranging from $0

to $25,000.  More than 21 of these orders are for between $3,000 and $5,000; more than 21

others are for $1,000.  The defendant possessed 3 images from this series.

**7.  Tara.**

Tara has received order in over 60 cases over the last two years.  The orders range from

$300 to over $18,000, with a mode of $3000.  Of five orders identified within this district, four

were for $1,000 and one was for $5,000.  The defendant possessed 28 images of Tara.

## III.  Conclusion.

The resolution proposed by the defendant is within the range of appropriate restitution

orders, and due to the agreement of the victims under the facts of this particular case, the

government agrees that the resolution described above serves the ends of justice and comports

with applicable law.

Dated:  May 14, 2020                    Respectfully submitted,

                                        HALSEY B. FRANK
                                        UNITED STATES ATTORNEY

                                        /s/Chris Ruge
                                        Assistant United States Attorney

6

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 14, 2020, I electronically filed the GOVERNMENT RESTITUTION MEMORANDUM with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Brad C. Grant, Esq.

HALSEY B. FRANK
United States Attorney

/s/ Chris Ruge, Esq.
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Suite 111
Bangor, ME 04401
(207) 945-0373
chris.ruge@usdoj.gov